UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA MARIA PACHECO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security[1]<br><br>　　　　　Defendant. | Case No. 1:21-cv-0110 JLT BAM<br><br>ORDER DECLINING THE FINDINGS AND RECOMMENDATIONS, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING THE MATTER PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)<br><br>ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT<br><br>(Docs. 23, 27, & 29) |

　　　　Linda Maria Pacheco seeks judicial review of the administrative decision to deny her application for a period of disability and disability insurance benefits under Title II of the Social Security Act. (Docs. 1, 23.) Plaintiff contends the administrative law judge "erred by rejecting the opinions of multiple treating and examining physicians without proper evaluation, rendering the RFC assessment unsupported by the record and legally erroneous." (Doc. 23 at 1, 15; *see also id.* at 15-17.) Plaintiff asserts the ALJ also "erred in evaluating [her] subjective complaints and failing to set forth any clear and convincing reason for rejecting [her] alleged limitations due to pain." (*Id.* at 1, 17; *see also id.* at 17-19.) The Commissioner asserts the Court should affirm the

---

[1] Frank Bisignano became the Commissioner of Social Security on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Frank Bisignano as the defendant in this action.

decision, because "the ALJ reasonably evaluated the medical opinion evidence" and "properly evaluated Plaintiff's symptom allegations." (*See* Doc. 27 at 4, 12 [emphasis omitted].)

## I.     Findings and Recommendations

The magistrate judge observed that although Plaintiff asserted the ALJ did not identify specific and legitimate reasons for rejecting medical opinions from Drs. Esposito, Fisher and Cho, (Doc. 23 at 15-17), that Plaintiff did not make "a specific or particularized challenge to any of the ALJ's stated reasons" for rejecting the three opinions. (*See* Doc. 29 at 9, 11-12.) Nevertheless, the Court reviewed the reasons identified by the ALJ and found "the ALJ did not commit reversible error when evaluating the medical opinions from Drs. Esposito, Fisher, and Cho." (*Id.* at 13; *see also id.* at 5-13.) Turning to Plaintiff's subjective complaints, the magistrate judge "note[d] that the ALJ did not entirely discount Plaintiff's subjective complaints." (*Id.* at 14.) To the extent the ALJ discounted Plaintiff's testimony regarding the severity of her symptoms, the magistrate judge found the ALJ identified "specific, clear and convincing reasons for discounting Plaintiff's subjective complaints," including inconsistencies with the objective medical evidence, her activities, and conservative treatment. (*Id.* at 19; *see also id.* 13-19; Doc. 12-3 at 20.)

The magistrate judge found "the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards." (Doc. 29 at 19.) The magistrate judge recommended the Court deny Plaintiff's motion for summary judgment, affirm the ALJ's decision, and enter judgment in favor of the Commissioner. (*Id.*) Plaintiff filed timely objections, arguing the Court should decline the Findings and Recommendations. (Doc. 32.)

## II.    Discussion

A district judge may "accept, reject or modify, in whole or in part, the findings and recommendations..." 28 U.S.C. § 636(b)(1). If a party files objections, "the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made." *Id.* A de novo review requires the Court to "consider[] the matter anew, as if no decision had been rendered." *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).

///

2

### A. Medical evidence

Under the applicable regulations[2], courts distinguish the opinions of three categories of physicians: (1) treating physicians; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither examine nor treat the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). In general, the opinion of a treating physician is afforded the greatest weight. *Id*. Further, an examining physician's opinion is given more weight than the opinion of a non-examining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). An opinion is not binding upon the ALJ and may be discounted whether another physician contradicts the opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). An ALJ may reject an *uncontradicted* opinion of a treating or examining medical physician only by identifying a "clear and convincing" reason. *Lester*, 81 F.3d at 831. In contrast, a *contradicted* opinion of a treating or examining physician may be rejected for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*., 81 F.3d at 830. When there is conflicting evidence, "it is the ALJ's role … to resolve the conflict." *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

Because the opinions of Drs. Esposito, Fisher and Cho were contradicted by other evidence in the record, the ALJ was required to identify specific and legitimate reasons to discount limitations identified. Review of the ALJ's decision shows that she failed to carry this burden. The ALJ erred in characterizing Plaintiff's treatment for her knees and back as conservative, because Plaintiff received injections in her knee and underwent a bariatric gastric sleeve surgery specifically to "help with her knees and back pain." (*See* Doc. 12-3 at 18; Doc. 12-21 at 802.) Such procedures are not "conservative" care, and as such the ALJ erred in rejecting the opinions of Drs. Cho and Esposito on this basis. *See Revels v. Berryhill*, 874 F.3d 648, 667 (9th Cir. 2017) (finding error in characterization of treatment that included steroid injections as "conservative").

---

[2] For applications filed on or after March 27, 2017, the Commissioner revised the rules for the evaluation of medical evidence at the administrative level. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg 5844-01 (Jan. 18, 2017). Because Plaintiff filed her applications for benefits prior to that date, the Court applies the prior regulations.

In addition, the ALJ failed to explain how many of Plaintiff's limited activities—such as the ability to drive, shop for groceries, do laundry, wash her hair, put on makeup and prepare meals—conflict with the postural limitations that physicians identified, including an inability to kneel and reach above shoulder level. Indeed, Plaintiff testified that to wash her hair, she does it "sideways," so she does not have to put her arms up, and there were times she was unable to put on makeup because of shoulder pain. (Doc. 12-3 at 83.) The Court is unable to find the activities identified are specific and legitimate reasons for rejecting the medical opinions.

### B. Plaintiff's subjective complaints

To evaluate a claimant's statements regarding the severity of his symptoms, an ALJ must determine first whether objective medical evidence shows an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). Second, if there is no evidence of malingering, the ALJ must set forth clear and convincing reasons for rejecting subjective complaints. *Id.* at 1036. Because the ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms" (Doc. 12-3 at 19) did not identify any evidence of malingering, the ALJ was required to identify clear and convincing reasons to reject Plaintiff's statements.

Addressing Plaintiff's subjective complaints and hearing testimony, the ALJ indicated that she considered Plaintiff's diagnostic tests, "activities of daily living" and "conservative treatment for her back and knee impairments." (Doc. 12-3 at 20; *see also id.* at 18-20.) However, as discussed above, the ALJ erred in characterizing the treatment Plaintiff received as conservative. *See Revels*, 874 F.3d at 667. Plaintiff's "activities of daily living" are also not a clear and convincing reason to reject Plaintiff's statements regarding the severity of her symptoms, because the ALJ did not (1) explain how Plaintiff's activities contradicted her other testimony or (2) find her level of activity meets the threshold for transferable work skills. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Although the objective medical record was a proper consideration by the ALJ—who identified diagnostic tests that she found contradicted Plaintiff's statements— it is well-established that "subjective pain testimony cannot be rejected on the sole ground that it is

1  not fully corroborated by objective medical evidence." *Rollins v. Massanari*, 261 F.3d 853, 857

2  (9th Cir. 2001).  Consequently, the ALJ's analysis was deficient.

3        The ALJ failed to carry her burden to identify clear and convincing reasons to reject

4  Plaintiff's subjective complaints and set forth findings "sufficiently specific to allow a reviewing

5  court to conclude the ALJ rejected the claimant's testimony on permissible grounds." *Moisa v.*

6  *Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004).

7        **C.**     **Remand**

8        The decision whether to remand a matter for further proceedings pursuant to sentence four

9  of 42 U.S.C. § 405(g) or to order immediate payment of benefits is within the discretion of the

10  district court.  *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000).  Except in rare instances,

11  when a court reverses an agency determination, the proper course is to remand to the agency for

12  additional investigation or explanation.  *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004)

13  (citation omitted).

14        Further administrative proceedings are appropriate in this matter.  *See Treichler v.*

15  *Comm'r of SSA*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (a remand for benefits is not appropriate

16  when further administrative proceedings would serve a useful purpose).  The matter should be

17  remanded for the ALJ to re-evaluate the medical and testimonial evidence and provide legally

18  sufficient grounds to support the decision.  *See Moisa*, 367 F.3d at 886; *Bunnell*, 947 F.2d at 348

19  (affirming a remand for further proceedings where the ALJ failed to explain with sufficient

20  specificity the basis for rejecting the claimant's testimony).

21  **III.**    **Conclusion and Order**

22        According to 28 U.S.C. § 636(b)(1), the Court performed a *de novo* review of this case.

23  Having carefully reviewed the entire matter, the Court concludes the ALJ erred in evaluating the

24  medical and testimonial evidence in the record.  Thus, the Court **ORDERS**:

25        1.     The Court declines to adopt the Findings and Recommendations (Doc. 29).

26        2.     Plaintiff's motion for summary judgment (Docs. 23) is **GRANTED**.

27        3.     The Commissioner's request to affirm (Doc. 27) is **DENIED**.

28  ///

4. The matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

5. The Clerk of Court is directed to terminate pending motions; enter judgment in favor of Plaintiff Linda Maria Pacheco and against Defendant Frank Bisignano, Commissioner of Social Security; and to close this case.

IT IS SO ORDERED.

Dated:  **October 1, 2025**

UNITED STATES DISTRICT JUDGE